# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS

DISTRICT COURT
NORTHERN DISTRICT OF **TEXAS**
FILED

JUL 2 6 2022

CLERK, U.S. DISTRICT COURT
By _____
Deputy

AMENDED
MOTION UNDER 28 U.S.C. SECTION 2255,
TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A
<u>PERSON IN FEDERAL CUSTODY</u>

UNITED STATES OF AMERICA

vs.

Jeffrey Ndungi Sila
_____
MOVANT (full name of movant)

Federal   Correctional   Institution
#1,        P.O. BOX 3725
Adelanto, CA 92301
_____
PLACE OF CONFINEMENT

74051-112
_____
PRISONER ID NUMBER

3:22-cv-01340-B-BH/ 3:16-CR-448
_____
CRIMINAL CASE NUMBER

(If a movant has a sentence to be served in the future under a federal judgment which he wishes to attack, he should file a motion in the federal court which entered the judgment.)

---

## INSTRUCTIONS - READ CAREFULLY

1. This motion must be legibly handwritten or typewritten, and signed by the movant under penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.

2. Additional pages are not permitted except with respect to the facts which you rely upon to support your grounds for relief. No citation of authorities needs to be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

3. Upon receipt, your motion will be filed if it is in proper order. No fee is required with this motion.

4.    If you do not have the necessary funds for transcripts, counsel, appeal, and other costs connected with a motion of this type, you may request permission to proceed *in forma pauperis*, in which event you must execute the declaration provided with this motion, setting forth information establishing your inability to prepay the fees and costs or give security therefor. If you wish to proceed *in forma pauperis*, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution.

5.    Only judgments entered by one court may be challenged in a single motion. If you seek to challenge judgments entered by different judges or divisions either in the same district or in different districts, you must file separate motions as to each such judgment.

6.    Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the motion you file seeking relief from any judgment of conviction.

7.    When the motion is fully completed, <u>the original and two copies</u> must be mailed to the Clerk of the United States District Court for the Northern District of Texas at the appropriate divisional office whose address is:

<u>Abilene Division</u>
P.O. Box 1218
Abilene, TX 79604

<u>Amarillo Division</u>
205 E. 5th St, Rm 133
Amarillo, TX 79101

<u>Dallas Division</u>
1100 Commerce, Rm 1452
Dallas, TX 75242

<u>Fort Worth Division</u>
501 W. 10th St, Rm 310
Fort Worth, TX 76102

<u>Lubbock Division</u>
1205 Texas Ave., Rm 209
Lubbock, TX 79401

<u>San Angelo Division</u>
33 East Twohig St, Rm 202
San Angelo, TX 76903

<u>Wichita Falls Division</u>
P.O. Box 1234
Wichita Falls, TX 76307

8.    Motions which do not conform to these instructions will be returned with a notation as to the deficiency.

# MOTION

1. Name and location of court that entered the judgment of conviction you are challenging:

```
Northern District of Texas
Dallas Division
1100 Commerce
Dallas, TX 75242
```

2. Date of the judgment of conviction:

```
March 25, 2021
```

3. Length of sentence:    87 Months

4. Nature of offense involved (all counts):

```
1. Theft of Public Funds
2. Aggravated Identity Theft
```

5. (a) What was your plea? (Check one)

Not guilty [x]    Guilty [ ]    Nolo contendere (no contest) [ ]

(b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or or indictment, what did you plead guilty to and what did you plead not guilty to?

6. If you went to trial, what kind of trial did you have? (Check one)    Jury [x]    Judge Only [ ]

7. Did you testify at the trial? (Check one)    Yes [ ]    No [x]

8. Did you appeal from the judgment of conviction? (Check one)    Yes [x]    No [ ]

9. If you did appeal, answer the following:

Name of Court:    Fifth Circuit Court of Appeals

Result:    Affirmed

Date of result:    February 3, 2022.

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?

Yes [X]    No [ ]

11. If your answer to 10 was "Yes" give the following information:

Name of Court:  Supreme Court of the United States

Nature of proceeding:

Petition for Writ of Certiorari

Grounds raised:

Whether the Fifth Circuit erred in failing to apply plain error review on new claims raised on second appeal.

Did you receive an evidentiary hearing on your petition, application or motion?

Yes [ ]    No [X]

Result:  Petition for Writ of Certiorari denied

Date of result:  June 6, 2022.

As to any *second* petition, application or motion, give the same information:

Name of Court:  N/A

Nature of proceeding:

Grounds raised:

Did you receive an evidentiary hearing on your petition, application or motion?

Yes [ ]    No [ ]

Result:

Date of result:

As to any *third* petition, application or motion, give the same information:

Name of Court:    N/A

Nature of proceeding:

Grounds raised:

Did you receive an evidentiary hearing on your petition, application or motion?

Yes ☐    No ☐

Result:

Date of result:

Did you appeal to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?

| | | |
|---|---|---|
| First petition, etc. | Yes ☐ | No ☐ |
| Second petition, etc. | Yes ☐ | No ☐ |
| Third petition, etc. | Yes ☐ | No ☐ |

If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

12. State <u>concisely</u> every ground on which you claim that you are being held unlawfully. Summarize <u>briefly</u> the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

    **CAUTION:** If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed. However, you <u>should raise in this petition all available grounds</u> (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

<u>DO NOT CHECK ANY OF THESE LISTED GROUNDS.</u> If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any of these grounds.

    (a)    Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

    (b)    Conviction obtained by use of coerced confession.

    (c)    Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

    (d)    Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

    (e)    Conviction obtained by a violation of the privilege against self-incrimination.

    (f)    Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

    (g)    Conviction obtained by a violation of the protection against double jeopardy.

    (h)    Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

    (i)    Denial of effective assistance of counsel.

    (j)    Denial of right to appeal.

A.    Ground One:

Supporting FACTS (tell your story briefly without citing cases or law):

B.    Ground Two:

Supporting FACTS (tell your story briefly without citing cases or law):

C.    Ground Three:

Supporting FACTS (tell your story briefly without citing cases or law):

Page 7.

## A. Ground One:

Violation of 5th Amendment right to be tried only on charges alleged by a Grand Jury.

**Facts:**

The Grand Jurys indictment alleged that sila "did willfully and knowingly steal, purloin and convert" a treasury check. The district courts jury instructions quoted the entire statute of 18 U.S.C. 641. (Trial transcript Vol 3. at 69-70). The governments evidence and closing argument solely focused on the uncharged act of "selling" the check. (Please see trial transcript Vol 3. at 20-21; and governments appellate brief.). This was an impermissible amendment of the Grand Jury indictment. The Courts instructions also amended the indictment by permitting a conviction for theft not only "to his own use" but also "to the use of another".

## B. Ground Two:

Violation of 5th Amendent Rights to due process and effective assistance of counsel at Trial and First direct appeal.

**Facts:**

Silas counsel at trial was ineffective for failing to raise the issue in Ground One above in a motion for judgement of acquittal. Similarly, appellate counsel on first direct appeal won ineffective for failing to raise the issue. Had the issue been raised, there is a reasonable probability the district court would have acquitted Sila or the Fifth Circuit would have reversed the convictions of Count 1 and 2. This ineffective assistance of counsel satisfies the "cause and prejudice" requirement, thus allowing this Court to address the merits of the constructive amendment claim.

## C. Ground Three:

Violation of 5th & 6th Amendment right to due process and effective assistance of counsel on second direct appeal.

**Facts:**

Silas counsel on the second direct appeal raised the constructive amendment issues in Ground One above in the opening brief. But after the government filed a motion for summary affirmance contending that issues that could have been but were not raised on the first appeal were "waived" counsel failed to file a response to bring to the courts attention that such issues must nevertheless be renewed under the "plain error" standard required by 5th Circuit precedent. If counsel had done so, there is a reasonable probability the 5th Circuit would have addressed the merits of the constructive amendment issues under the plain error standard and reversed the convictions.

## D. Ground Four:

Ineffective Assistance of Trial Counsel for failing to challenge venue in the Northern District of Texas, in violation of the Sixth Amendment.

**Facts:**

The government argued and presented evidence that the charged theft of the check began in Kenya when a false tax return was electronically filed on April 21, 2015. The theft of the check was complete when the check was mailed to Kenya on February 26, 2016. i.e. the government was deprived of its check at that point. Therefore venue was proper only in the Central District of California (Los Angeles) where Sila was first arrested on September 11, 2016. See 18 U.S.C. 3238. Had Silas trial counsel challenged venue by pretrial motion to dismiss and/or motion for judgement of acquittal at trial, there is a reasonable probability the Court would have

1.

dismissed count 1 and 2 for lack of venue.

**Ground Five:**
Violation of 5th and 6th Amendment rights to due process and effective assistance of counsel on First and Second Direct Appeal for failing to raise venue issue.
**Facts:**
In view of the fact that improper venue was apparent from the trial record, there is a reasonable probability that the 5th Circuit would have found plain error on direct appeal and reversed the convictions for Count 1 and 2.

**Ground Six:**
Violation of 5th and 6th Amendment rights to due process and effective assistance of counsel on First and Second Direct Appeal for failing to raise lack of willfulness instruction.
**Facts:**
Though 18 U.S.C. 641 makes no explicit mention of willfulness, case law requires it. See e.g. United States v. Jones 664 F.3d 966, 977 (5th Cir. 2011)(Section 641 imposes knowledge of non-entitlement or knowledge of wrongfulness, which makes the mens rea closer to "willfully"). See also United States v. Baker 693 F.2d 183, 186 (D.C. Cir. 1982)(In similar 641 prosecution related to undercover agents purchase of treasury checks, D.C. Circuit held "Supreme Court endorsed willfully; indictments failure to charge willfully is totally defective to governments prosecution of the idictment". See also United States v. Vancelliere 69 F.3d 1116, 1121-22 (11th Cir. 1995) had counsel challenged lack of this instruction as charged there is a reasonable probability the 5th Circuit would have reversed and remanded for new trial with a proper instruction.

**Ground Seven:**
Violation of 5th and 6th Amendment rights to due process and effective assistance of counsel on Second Direct Appeal for failing to raise loss amount claim.
**Facts:**
The District Court at sentencing found that the acts of others of filing the 213 tax returns from 2010 to 2016 were "reasonably foreseeable" to Sila. Most importantly, the Court failed to make the requisite finding that those acts were "within the scope" of Mr. Silas agreement and in furtherance to what Sila agreed to as per the Sentencing Guidelines. The record is devoid of evidence that Sila was even aware of, let alone agreed to any filing of tax returns whatsoever. Sila agreed only to deliver one check on a single occasion. Had counsel raised this claim, there is a reasonable probability the court would have found the District Court used the wrong legal standard and remanded for resentencing.

D.    Ground Four:

Supporting FACTS (tell your story briefly without citing cases or law):

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them:

```
Only 12 A previously presented (but not reviewed) on second direct direct appeal.
All other grounds not previously presented due to ineffective assistance
of counsel.
```

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?

Yes ☐    No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing:

```
Michael Smith
```

(b) At arraignment and plea:

Michael Smith

(c) At trial:

Ezekiel Tyson

(d) At sentencing:

Pro Se.

(e) On appeal

Nancy Barohn

(f) In any post-conviction proceeding:

Petition for Writ of Certiorari

Brent Evan Newton

(g) On appeal from any adverse ruling in a post-conviction proceeding:

N/A

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?

Yes [X]        No [ ]

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

Yes [ ]        No [X]

(a) If so, give name and location of court which imposed sentence to be served in the future:

N/A

(b) And give date and length of sentence to be served in the future:

N/A

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

Yes [ ]        No [ ]

Wherefore, movant prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

Jeffrey Sila:
_____
Signature

Federal    Correctional    Institution    #1
_____
Firm Name (if any)

P.O. BOX 3725
_____
Address

Adelanto, CA 92301
_____
City, State & Zip Code

_____
Telephone (including area code)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.
Executed on   07/18/2022          (date).

/s/ Jeffrey Sila   _Jeffrey Sila_
_____
Signature of Movant

## MEMORANDUM

### I.
### SECTION 2255's STATUTE OF LIMITATIONS

The one-year statute of limitations does not bar Sila's claims challenging his convictions on the ground that his trial counsel deprived him of the effective assistance of counsel and that his appellate counsel on both his first and second direct appeals deprived him of the effective assistance of counsel. The judgment of conviction for Counts 1 and 2 did not become "final" until the Supreme Court denied certiorari in his second direct appeal in **Sila v. United States, 2022 WL 1914247 (U.S. Sup. Ct. June 6, 2020).** The Fifth Circuits 2020 affirmance of the convictions of the charges in Counts 1 and 2 on Sila's first direct appeal did not render those convictions "final" because the Fifth Circuit reversed the sentence associated with those convictions and remanded for resentencing. Only when the second direct appeal was exhausted - with the denial of certiorari on June 6, 2022 - did Sila's two convictions become "final" for purposes of section 2255's one-year statute of limitations. See **United States v. Pizarro, 772 F. 3d 284, 290 (1st Cir. 2014); United States v. Dotson, 291 F.3d 268, 275-76 (4th Cir. 2022).** Therefore, a section 2255 motion is timely filed by June 5, 2023.

### II.
### CONSTRUCTIVE AMENDMENT

A criminal defendant has a constitutional right to the effective assistance of counsel on direct appeal. An appellate attorney deprives a defendant of that right on the first appeal by performing "deficiently" in a manner that "prejudices" the defendant on appeal. **Smith v. Robbins, 528 U.S. 259, 285-86 (2000)(Citing Strickland v. Washington, 466 U.S. 668 (1984)).** Sila's first direct appeal counsel deprived him of effective assistance of counsel by failing to raise a claim that Sila's convictions of the charges in Counts 1 and 2 should be reversed because of an unconstitutional constructive amendment to Count 1 of the indictment at trial (which also affected Count 2.). A "[c]onstructive amendment of an indictment occurs when the government, through its presentation of evidence or its argument, or the district court, through its instructions to the jury, or both, broadens the bases for conviction beyond those charged in the indictment." **United States v. Malloy, 568 F.3d 166, 178 (4th Cir. 2009); United States v. McKee, 506 F.3d 225, 229 (3rd Cir. 2007)(same);** See also **Stirone v. United States, 361 U.S. 212, 215-16 (1960)(holding**

1.

that, after an indictment has been returned its charges may not be broadened through amendment except by the grand jury itself"); United States v. Miller, 471 U.S. 130, 138 (1985)("In Stirone, the offense proved at trial was not fully contained in the indictment, for trial evidence had 'amended' the indictment by broadening the possible bases for conviction from that which appeared in the indictment.")(emphasis in original).

The two broader categories of offenses set forth in the first paragraph of section 641 - (1) selling, conveying, or disposing of government property and (2) stealing, purloining, or conversion of government property - are "two distinct types of actions[,] taking versus disposing." United States v. Arnold, 991 F. Supp. 2d 1307, 1313 n.3 (S.D. Ga. 2014)(emphasis added). Therefore, permitting the jury to convict Sila of selling, conveying, or disposing of government property constructively amended the indictment. Cf. Stirone, 361 U.S. at 217 (holding that the district courts charging the jury on the allegation that the defendant had interfered with the interstate shipment of "sand" from one state when the indictment had alleged that he had interfered with the interstate shipment of "steel" from another state was an improper "constructive amendment" to the indictment); See also id. at 217 ("The indictment here cannot fairly be read as charging interference with movements of steel from Pennsylvania to other States nor does the Court of Appeals appear to have so read it. The grand jury which found this indictment was satisfied to charge that Stirones conduct interfered with interstate importation of sand. But neither this nor any other court can know that the grand jury would have been willing to charge that Stirones conduct would interfere with interstate exportation of steel from a mill later to be built with Riders concrete.").

Significantly, the offense charged in Count 1 - stealing, purloining, and converting a U.S. Treasury tax refund check made out to Cynthia Short in violation of 18 U.S.C. §641 - is not a "continuing offense." See United States v. Samson, 433 F. Supp.3d 1046, 1052-53 (S.D. Tex. 2020)(concluding that stealing, purloining, and conversion in paragraph on of §641 is not a continuing offense after examining Fifth Circuit precedent addressing "continuing offenses"). Therefore, as soon as a defendant steals, purloins, or converts a Treasury check, the offense is complete and does not "continue." The prosecutions evidence at trial at most attempted to prove that Sila committed the §641 offense in Kenya sometime between 2015 and May 2016 when

he took possession of the check before traveling to the United States with the check in his possession. See **Trial Transcript, Vol. 1, at 145-47 & Vol. 2. at 42-45, 56, 203-07; Govt. Exhs. 4 & 27.**

Conversely, the prosecutions evidence and argument at trial focused on what occurred in Dallas in August 2016. And that evidence concerned Sila's sale, conveyance, or disposition of the check to an undercover law enforcement agent in Dallas (not an of stealing, purloining, or conversion - which previously had occurred in Kenya). See **Trial Transcript, Vol. 1, at 139-216 & Vol.2 16-36, 68-77.** Therefore, what occurred at trial was a constructive amendment to the indictment.

At sentencing, when Sila represented himself, he argued that his conviction on Count 1 was invalid as a constructive amendment. However, the district court concluded that the issue was not raised in a timely manner and alternatively summarily concluded that the claim lacked merit (without any discussion of the issue.) See **Sentencing Transcript, at 2-10.** The district court erred in that ruling. If the issue had been raised on the first appeal by Sila's direct appeal counsel, there is reasonable probability that the Fifth Circuit would have reversed Mr. Sila's conviction on Counts 1 and 2. The Fifth Circuit repeatedly has found reversible "plain error" when a district court has constructively amended and indictment. See, e.g., **United States v. Tucker 33 F.4th 739, 746 (5th Cir. 2022).**

The appropriate remedy for the ineffective assistance of counsel in this case is to reverse Sila's convictions for Counts 1 and 2 and enter a judgment of acquittal on those counts because there was no evidence that he violated section 641 as charged in the indictment. See **United States v. Chambers, 408 F.3d 237, 247 (5th Cir. 2005)("where the indictment has been constructively amended, by prosecution evidence wholly outside the proper scope of the indictment and/or by a jury charge authorizing a verdict of guilty thereon, but there is evidence within the proper scope of the indictment which supports the verdict, then the normal remedy is to reverse for a new trial. . . . Here, however, as Chambers urged in his motions for judgment of acquittal, there is no evidence to support the 'in or affecting commerce' element of the offense on the factual basis alleged in the indictment. Chambers' motions for judgment of acquittal should have been granted.")**

See also **United States v. Ramirez 182 F.3d 544, 548 (5th Cir. 1999)("Its clear, in other words, that but for the constructive amendment, a reasonable jury would have acquitted Ramirez on the firearms charge.").**

### III.
#### "Plain error" Standard must be applied to "waived" issues.

Sila's counsel on the second appeal, who differed from the attorney who represented Sila on the first direct appeal, raised the constructive amendment claim in the opening brief filed for Mr. Sila. See **Brief for Appellant, at 14-45.** Rather than filing a responsive brief that addressed the merits of those issues, the U.S. Attorneys office, on October 26, 2021, filed a "motion for summary affirmance" that contended that, because Sila's brief filed in the second appeal raised new issues challenging his conviction that could have been but were not raised on his first appeal, Fifth Circuit precedent "preclude[s] him from obtaining relief now" because those issues were" waived. United States' Motion for Summary Affirmance, at 8. The primary precedent cited by the United States for its position was **Medical Center Pharmacy v. Holder, 634 F.3d 830, 834 (5th Cir. 2011).** See **United States' Motion for Summary Affirmance, at 5.**

Remarkably, the United States' motion failed to cite the portion of **Medical Center Pharmacy (634 F.3d at 836)** requiring the Fifth Circuit to conduct "plain error" review of issues raised on a second appeal that could have been , but were not, raised by an appellant on his first appeal. **Medical Center Pharmacy, 634 F.3d at 836("'Only plain error justifies departure from the waiver doctrine.'")**(quoting **United States v. Castillo, 179 F.3d 321, 326 (5th Cir. 1999), rev'd on other grounds, 530 U.S. 120 (2000));** See also **Castillo, 179 F.3d at 326 ("Only plain error justifies departure from the waiver doctrine. . . . We find plain error when (1) there is an error (2) that is clear and obvious and (3) that affects substantial rights.").** The governments motion for summary affirmance did not in any manner address the merits of Sila's "constructive amendment" issues in a plain-error analysis.

Inexplicably, Sila's appellate counsel on the second direct appeal did not file a response to the United States' motion and thus failed to call the Fifth Circuits attention to cases requiring it to apply a "plain error" analysis to the constructive amendment issues. On February 3, 2022, the Fifth Circuit issued its opinion that (1) granted the United States'

4.

motion for summary affirmance and thereby did not address the merits of the constructive amendment issues, as required by well-established Fifth Circuit precedent. **United States v. Sila, 2022 WL 327014, at \*1 (5th Cir. Feb. 22, 2022)("The Government moves for summary affirmance, arguing that because Sila's arguments could have been raised in his first appeal, every issue raised in his second appeal is forfeited by the law of the case doctrine and the related waiver doctrine. . . . Because the Governments position 'is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case," Groendyke Transp., Inc. v. Davis, 406 F.2d 1158, 1162 (5th Cir. 1969), summary affirmance is proper. Accordingly, the motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.").**

Sila's appellate counsel on the second direct appeal clearly was deficient in failing to respond to the governments motion for summary affirmance, pointing out that under binding Fifth Circuit precedent the court should have applied the plain error standard to the constructive amendment claim. That deficiency prejudiced Sila because, as discussed above, there is a reasonable probability that, if appellate counsel had done so, the Fifth Circuit would have addressed the merits of the claim and granted relief for the plain error that prejudiced Sila.

As explained above, the appropriate remedy for the ineffective assistance of counsel in this case is to reverse Sila's convictions for Counts 1 and 2 and enter a judgment of acquittal on those counts because there was no evidence that he violated section 641 as charged in the indictment.

## IV.
### VENUE

Venue did not exist in the Northern District of Texas for Counts 1 and 2. Therefore, Jeffrey Sila's trial counsel provided ineffective assistance of counsel by failing to challenge venue, which would have led to a dismissal or acquittal.

The second superseding indictment alleged that Sila committed the offense of stealing, purloining, and converting a U.S. Treasury tax refund check on or about August 9, 2016, "in the Dallas Division of the Northern District of Texas," in violation of 18 U.S.C. § 641. The tax refund check was made out to Cynthia Short, referred to as "C.S." in the second superseding indictment.

The evidence at trial showed that...

(1) In 2015, someone in Kenya filed a fraudulent income tax return in the name of Cynthia Short (a long-deceased person), See **Trial Transcript, Volume 2, at 42; Govt. Exh. 27;**

(2) On February 26, 2016, the Treasury Department mailed a refund check to a P.O. Box in Kenya. See **Trial Transcript, at Vol. 2, at 42-45, 56; Govt. Exh. 4;**

(3) Sila had possession of that refund check in the Northern District of Texas in early August 2016, when he sold it to an undercover IRS agent, See **Trial Transcript, Vol. 1, at 146; and**

(4) On September 11, 2016, Sila was first arrested by law enforcement agents on a complaint charging him with a violation of 18 U.S.C. § 641 concerning that refund check in Los Angeles, California, as he was about to board his return flight home to Kenya, See **Trial Transcript, Vol. 2, at 202-03;** See also **Docket Entry 1** (Complaint).

Concerning Count 1, the prosecutor stated in his closing argument:

So lets first look at Count 1. In Count 1 is that 76,000-dollar [tax refund] check, right? We heard from the undercover agent. We heard of that transfer of that check from the defendant to the undercover agent. Thats Count 1. Theres 48,000 given from the undercover agent to Mr. Sila. That - specifically, that transaction is all we are talking about really when we are talking about Count 1. But whats important is to look at the entire picture. So when you take a step back and you look at all of the facts that comes together to get us to that transaction, I think you are able to see the big picture of why Mr. Sila is guilty of that offense.

Trial Transcript, Vol. 3, at 20-21. Clearly, the government proceeded at trial on the assumption that Sila committed the offense charged in Count 1 in the Northern District of Texas, as alleged in the indictment. Notably, the second superseding indictment did not allege that the offense occurred "and elsewhere" - as federal indictments sometimes do. Thus, the government did not seek to assert extraterritorial jurisdiction over Sila for his

6.

alleged conduct in Kenya. Rather, it focused solely on his alleged conduct in the Northern District of Texas.

The problem with the governments theory of Count 1 is that venue was not proper in the Northern District of Texas. Instead, it was proper in the Central District of California (Los Angeles). Significantly, the offense charged in Count 1 - stealing, purloining, and converting a U.S. Treasury tax refund check in violation of 18 U.S.C § 641 - is not a "continuing offense." See **United States v. Green, 897 F.3d 443, 448 (2d Cir. 2018); United States v. Samson, 433 F. Supp.3d 1046, 1052-53 (S.D. Tex. 2020)(Concluding that stealing, purloining, and conversion in paragraph one of § 641 is not a continuing offense after examining Fifth Circuit precedent addressing "continuing offenses").** Therefore, as soon as a defendant steals, purloins, or converts a Treasury check, the offense is complete and does not "continue." The prosecutions evidence at trial at most attempted to prove that Sila committed the § 641 offense in Kenya. That offense did not "continue" when Sila traveled to the Northern District of Texas. Therefore, Sila could not "re-steal" the chceck in Dallas. The offense ended when the theft occurred in Kenya. **Cf. United States v. Reagan, 596 F.3d 251, 254 (5th Cir. 2010)("Reagan violated § 641 each time he converted a HUD check.").**

Therefore, because the offense charged in Count 1 did not occur in the Northern District of Texas, venue was improper in the Northern District of Texas. Instead, venue for Count 1 lay exclusively in the Central District of California (Los Angeles) because that is where Sila was first arrested on the charge in Count 1. See **18 U.S.C. § 3238 ("The trial of all offenses begun or committed upon the high seas, or elsewhere out of the jurisdiction of any particular State or district, shall be in the district in which the offender, or any one of two or more joint offenders, is arrested or is first brought....")**(emphasis added).

No other alleged "joint offender" - including Linda Breaux - was ever charged with, or arrested for, the offense in Count 1 for alleged conduct occurring in the Northern District of Texas. Breaux was only charged with the offense charged in Count 3 of Sila's indictment. See **Indictment, No. 3:17cr172-K (N.D. Tex.).** Her arrest thus did not vest venue concerning Counts 1 and 2 of Sila's second superseding indictment in the Northern District of Texas because section 3238 is " offense specific." **United States v. Holmes, 670 F.3d 586, 595-96 (4th Cir. 2012);** See also **United**

States v. Wharton, 320 F.3d 526, 536-37 (5th Cir. 2003)(**citing** United States v. Catino, 735 F.2d 718, 724 (2d Cir. 1984)). Furthermore, there was no evidence offered at trial that Breaux had any involvement as an accomplice **in the stealing, conversion, or puloining of the Cynthia Short check in Kenya.** Breaux's sole involvement concerning the Cynthia Short refund check was after Sila had arrived in the United States, at which point the section 641 offense was no longer "continuing." Therefore, there was no venue in the Northern District of Texas over Sila under Federal Rule of Criminal Procedure 18 ("Unless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed.") See also **18 U.S.C. §3232.**

Sila's trial counsel provided ineffective assistance of counsel by failing to raise the venue defense concerning Count 1 - either by filing a pretrial motion to dismiss or moving for a judgment of acquittal at trial. See **Strickland v. Washington, 466 U.S. 668 (1984).** There was no conceivable strategic reason for failing to challenge venue in the Northern District of Texas when such a challenge was meritorious. There was no downside to doing so and only a potential benefit to Sila.

This is not a mere technicality that would have made no difference at trial. "Venue is an element of any offense; the prosecution always bears the burden of proving that the trial is in the same district as the crimes commission." **United States v. Winship, 724 F.2d 1116, 1124 (5th Cir. 1984).** If trial counsel had challenged venue before or at trial, there is a reasonable probability that Sila would not have been convicted of Count 1. Therefore, he was prejudiced within the meaning of **Strickland.**

In addition, if trial counsel had challenged venue, Sila also would not have been convicted of Count 2. Count 2, as charged in the second superseding indictment, was entirely dependent on Count 1. See **Docket Entry 39, at 2 (Charging Sila with unlawfully transferring a means of identification of Cynthia Short "during and in relation to the offense of Theft of Public Funds in violation of Title 18, United States Code, Section 641, as alleged in Count One of this Superseding Indictment"). United States v. Guido, 554 Fed. App'x 631, 632-33 (9th Cir. 2014)("Guido's conviction under § 1028A was reverse Guido's conviction for the predicate offense, theft of government property under § 641, we also reverse his conviction for aggravated identity theft under § 1028A.").**

8.

Therefore, as a remedy for trial counsels ineffectiveness, the district court should grant relief under 28 U.S.C. § 2255 by vacating Sila's convictions for Counts 1 and 2 and also dismissing those two counts of the indictment for lack of venue.

Not only was Sila's trial counsel ineffective for failing to raise the venue issue at or before trial, Sila's direct appeal counsel on the first and second direct appeals were ineffective by failing to raise the venue issue as plain error. in view of the fact that the improper venue was apparent from the trial record, there is a reasonable probability that the Fifth Circuit would have found plain error on direct appeal and reversed Sila's convictions for Counts 1 and 2. **United States v. Hayden, 2022 WL 73049, at \*2 (5th Cir. 2022)("Hayden concedes that he failed at trial to object to the alleged error he now presents to us. Consequently, we will review Hayden's improper venue argument under the plain error standard of review."); United States v. Stewart, 843 Fed. App'x 600, 604 (5th Cir. 2021)("Because Stewart forfeited any legal argument that venue is improper in the Northern District of Texas, we review only for plain error. See United States v. Guzman, 739 F.3d 241, 246 n.8 (5th Cir. 2014."); United States v. Winship, 724 F.2d 1116, 1124 (5th Cir.1984)("The particular circumstances of a case determine whether failure to instruct on venue is plain error.").**

## V.
## CAUSE AND PREJUDICE

"Ineffective assistance of counsel satisfies the cause and prejudice standard" **United States v. Patten 40 F.3d 774, 776 (5th Cir. 1994).** Alternatively, Sila can overcome any procedural default by showing he is actually innocent of the crime charged. As discussed previously, there is no evidence Sila stole the check as charged the government conceded this fact in its appellate brief when it stated something to the effect of "it is not exactly clear how Sila acquired the check."

## VI.
## REQUEST FOR COUNSEL AND EVIDENTIARY HEARING

Sila hereby renews his prior request for counsel and also requests an evidentiary hearing.

# CERTIFICATE OF SERVICE

I, Jeffrey Sila #74051-0112            hereby certify that I have served
a true and correct copy of the following: 28 U.S.C. § 2255
Habeas Corpus to vacate, set side, and/ or correct a sentence, with
memorandum in support of the motion.

Which is deemed filed at the time it was delivered to prison auth-
orities for forwarding, HOUSTON V. LACK, 101 L. Ed. 2d 245 (1988),
upon the defendant/defendants and or his attorney/attorneys of
record, by placing same in a sealed, postage prepaid envelope
addressed to: United States District Court, for the Northern
District of Texas 1100 Commerce Street, Dallas, Texas 75242

and deposited same in the United States Mail at the Federal Correc-
tional Institution,      F.C.I Victorville Medium #1 P.O. box 3725
Adelanto, CA 92301

I declare, under penalty of perjury (Title 28 U.S.C. §1746), that
the  foregoing is true and correct.

Dated this **18th** day of **July**            ,20 **22** .

Jeffrey Sila #74051-112

/s/ _Jeffrey Sila_

F.C.I.  Victorville  Medium#1
P.O. Box 3725
Adelanto, CA 92301

From
Jeffrey Sig # 74051-112
Federal Correctional Institution
PO Box 3725
Adelanto, CA 92301

LEGAL MAIL

CERTIFIED MAIL

7010 0760 0000 4584 1502

CHECKED JUL 2 1 2022

United States District Court
Northern District of Texas
1100 Commerce St, Room 1452
Dallas, Tx 75242-1310




JUL 2 6 2022

MAILROOM