THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JEFFREY NDUNGI SILA** | § | |
| | § | |
| VS. | § | No. 3:22-cv-01340-B-BH |
| | § | (No. 3:16-cr-0448-B-1) |
| **UNITED STATES OF AMERICA** | § | |

**JEFFREY NDUNGI SILA'S REPLY TO GOVERNMENT'S RESPONSE TO HIS SUPPLEMENTAL BRIEF**

 

Brent E. Newton
*Lead Counsel*
Texas Bar No. 00788115
19 Treworthy Road
Gaithersburg, Maryland 20878
Telephone: 202-975-9105
Email: brentevannewton@gmail.com

Christopher M. Knox
The Knox Firm
*Local Counsel*
Texas Bar No. 24065567
900 Jackson Street
Suite Number 650
Dallas Texas 75202
Telephone: 214-741-7474
Email: knoxcriminaldefense@gmail.com

*Attorneys for Movant Jeffrey Ndungi Sila*

# TABLE OF CONTENTS

Table of Authorities………………….,……………………………………………………..ii

Arguments in Reply ……………………………………………………………………...1

I.  The Government's Evidence at Trial Failed to Prove
    the Venue Element (and, Thus, Movant's Trial and
    Appellate Counsel Provided Ineffective Assistance of Counsel)………………….1

II. The Fifth Circuit's Opinion Did *Not* Address the Venue
    Issue Raised by Movant……………………………………………………………4

Conclusion…………………………………………………………………………………..10

Certificate of Service………………………………………………………………………10

# TABLE OF AUTHORITIES

*In re Felt*,
  255 F.3d 220 (5th Cir. 2001) ................................................................................... 6
*Lindquist v. City of Pasadena, Tex.*,
  656 F. Supp.2d 662 (S.D. Tex. 2009)...................................................................... 8
*McDaniel v. Brown*,
  558 U.S. 120 (2010) (per curiam ............................................................................ 2
*Segura-Resendiz v. United States*,
  2021 WL 4142393 (N.D. Tex. Aug. 24, 2021) ..................................................... 10
*Spencer v. Kemna*,
  523 U.S. 1 (1998) .................................................................................................. 10
*Torzall v. United States*,
  545 F.3d 517 (7th Cir. 2008) ................................................................................ 10
*United States v. Anderson*,
  328 U.S. 699 (1946) ............................................................................................... 7
*United States v. Ayesh*,
  702 F.3d 162 (4th Cir. 2012) .................................................................................. 9
*United States v. Busacca*,
  936 F.2d 232 (6th Cir. 1991) ............................................................................. 7, 8
*United States v. Cabrales*,
  524 U.S. 1 (1998) ................................................................................................... 7
*United States v. Green*,
  897 F.3d 443 (2d Cir. 2018) .............................................................................. 5, 7
*United States v. Lopez*,
  484 F.3d 1186 (9th Cir. 2007) ............................................................................... 6
*United States v. Lopez-Ramirez*,
  68 F.3d 438 (11th Cir. 1995) ................................................................................. 3
*United States v. Mischlich*,
  310 F. Supp. 669 (D.N.J. 1970).............................................................................. 4

*United States v. Ntekume*,
  2019 WL 4860939 (D. Nev., October 2, 2019) .................................................................. 7
*United States v. Reagan*,
  596 F.3d 251 (5th Cir. 2010) ......................................................................................... 7, 8
*United States v. Rodriguez-Moreno*,
  526 U.S. 275 (1999) ......................................................................................................... 7
*United States v. Samson*,
  433 F. Supp.3d 1046 (S.D. Tex. 2020) ............................................................................ 5
*United States v. Sila*,
  978 F.3d 264 (5th Cir. 2020) ........................................................................................... 6
*United States v. Trie*,
  21 F. Supp.2d 7 (D. D.C. 1998) ....................................................................................... 4
*United States v. White*,
  611 F.2d 531 (5th Cir. 1980) ........................................................................................... 3
*United States v. Yashar*,
  166 F.3d 873 (7th Cir. 1999) ........................................................................................... 7
*Young v. Guste*,
  849 F.2d 970 (5th Cir. 1988) ........................................................................................... 3

**Statutes**

18 U.S.C. § 641 ............................................................................................................. Passim
18 U.S.C. § 664 ....................................................................................................................... 7
18 U.S.C. § 3237(a) ...................................................................................................... Passim
18 U.S.C. § 3238 ................................................................................................................. 3, 4
*18 U.S.C. § 3282* .................................................................................................................. 9
28 U.S.C. § 2254 .................................................................................................................. 10
28 U.S.C. § 2255 .................................................................................................................. 10

**Rules**

Fed. R. Crim. P. 18 ................................................................................................................ 8

## MOVANT'S REPLY BRIEF

Jeffrey Ndungi Sila ("movant"), through undersigned counsel, submits this reply to the government's response to movant's supplemental brief.

## ARGUMENTS IN REPLY

### I.
### The Government's Evidence at Trial Failed to Prove the Venue Element (And, Thus, Movant's Prior Counsel Provided Ineffective Assistance).

The government contends that movant's assertion in his supplemental brief – that the government's evidence at trial proved that movant's § 641 offense began in Kenya – "is not supported by the record." Response to Supplemental Brief (ECF No. 20), at 3. That argument is contrary to the position taken by the government both at trial[1] and in the government's first brief filed on appeal (written by the government's current counsel)[2] that the evidence at trial proved that movant first obtained Cynthia Short's tax-refund check in Kenya.

Even more untenable – considering that the issue is whether the government met *its* burden to prove the venue element at trial – is that the government now relies on what movant's former attorney said in his opening statement at trial (despite the fact that no evidence was introduced at trial to support such an argument): that movant's brother, Edwin, was the one who initially obtained the check in Kenya and sent the check to movant after he already had arrived in the United

---

[1] The trial prosecutor told the jury: "We were able to show that . . . that check was sent to Kenya. And where did Mr. Sila come from to come to the United States with that check? It was Kenya." ECF [No. 3:16-cr-00448-B] Doc. 150, at 24. The prosecutor later told jurors that "the indictment alleges August the 9th. That's the day that he was in possession of it [in Dallas]. He had brought it from Africa, he had the intent to sell it and convert it into cash. That's stealing. That's conversion." *Id.* at 50. "The check came from Africa, I submit to you, with this defendant in May of 2016." *Id.* at 51.

[2] Appellee's Brief, *United States v. Sila*, 5th Cir. No. 17-11212, 2020 WL 882417, at *18 (filed Feb. 21, 2020) ("[A]lthough the record is not clear about exactly how, when, or where Sila acquired the refund check – **the reasonable inference is that Sila obtained it in Kenya**.") (emphasis added).

1

States.  Response to Supplemental Brief, at 3.  The obvious problem with that argument it that a defense attorney's remarks in an opening statement or closing argument (or at sentencing or on appeal) are not "evidence" that a jury can consider in rendering a verdict.  *See* ECF No. 98, at 3 (district court's jury charge's instruction to the jury that the attorneys' statements and arguments "are not evidence" that the jury could consider in deciding whether the government had met its burden of proof).  The government's further reliance on movant's statement *at sentencing*, *see* Response to Supplemental Brief, at 3-4, likewise is entirely irrelevant concerning the issue of whether the government met its burden to offer sufficient evidence *at trial* to prove the venue element.[3]

The government has failed to address what really matters – whether, in view of the government's own evidence that (1) movant first took possession of the tax-refund check in Kenya and (2) he was first arrested in California, the government met *its burden*[4] at trial to prove the venue element under 18 U.S.C. § 3238.  As movant's supplemental brief explained, because the government's own evidence at trial proved that venue was proper only in the Central District of California under § 3238, movant's trial counsel provided ineffective assistance by failing to move for a judgment of acquittal on venue grounds, and movant's direct appeal counsel was ineffective for failing to raise that insufficient-evidence venue issue on appeal.

---

[3] *See Young v. Guste*, 849 F.2d 970, 972 (5th Cir. 1988) ("This court's consideration of the sufficiency of the evidence is limited to a review of the record evidence adduced at trial."); *United States v. Lopez-Ramirez*, 68 F.3d 438, 441 n.3 (11th Cir. 1995) (defendant's statements admitting guilt at sentencing hearing cannot be considered in a sufficiency-of-the-evidence analysis); *see also McDaniel v. Brown*, 558 U.S. 120, 131 (2010) (per curiam) (a "reviewing court must consider the evidence *admitted at trial* . . . ." in conducting sufficiency-of-the-evidence review) (emphasis added).

[4] "[T]he burden of proving that the crime occurred in the district of trial is squarely on the prosecution" at trial.  *United States v. White*, 611 F.2d 531, 534 (5th Cir. 1980).

Alternatively, even assuming *arguendo* that the government is correct that the evidence at trial did not prove that movant first obtained the check *in Kenya*, at the very least it proved that movant first obtained the check *outside of the Northern District of Texas*, as current counsel for the government previously has recognized.[5] At trial, Agent Qaqish testified that Lydia Breaux told him in 2016 that "there was a specific check that was in hand and that was ready to be negotiated." ECF [No. 3:16-cr-00448-B] Doc. 148, at 145. Referring to movant's possession of Cynthia Short's refund check, Breaux further stated that movant had "traveled from Kenya to the United States and currently ha[d] a large check in hand . . . ." *Id*. at 146. Agent Qaqish testified that Breaux then told him that movant, who then possessed the check, was flying from Kansas to meet with Qaqish (who was undercover) and Breaux at a restaurant in Dallas. Breaux later picked up movant at the airport and drove him to the restaurant in Dallas for the meeting. *Id.* at 187-88. There was absolutely no proof – not even a scintilla – that movant acquired the tax-refund check for the first time inside the borders of the Northern District of Texas. The only reasonable inference from the government's own evidence at trial is that he acquired the check for the first time outside of the Northern District of Texas (in Kenya or, alternatively, Kansas).

Therefore, even assuming *arguendo* that the government's evidence at trial did not raise a venue issue under 18 U.S.C. § 3238, then it raised a venue issue under 18 U.S.C. § 3237(a) ("[U]nder any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was *begun, continued, or completed*.") (emphasis added). Section 3237(a) would

---

[5] Appellee's Brief, *United States v. Sila*, 5th Cir. No. 17-11212, 2020 WL 882417, at *19 (filed Feb. 21, 2020) ("[T]he government did not focus its case [at trial] on how the refund check came into Sila's possession – ***other than to recognize that it probably occurred outside of the Northern District of Texas***.") (emphasis added).

only provide venue in the North District of Texas if § 641 was an offense capable of being committed in multiple districts. Yet because 18 U.S.C. § 641 (first paragraph) is not a "continuing offense," venue exclusively lay in the District of Kansas rather than the Northern District of Texas (assuming movant did not first take possession of the check in Kenya). *See United States v. Trie*, 21 F. Supp.2d 7, 18 (D. D.C. 1998) (a non-continuing offense cannot be prosecuted in a district other than one in which it ended under § 3237(a) even if the defendant's subsequent actions concerning the offense affected another district); *United States v. Mischlich*, 310 F. Supp. 669, 671-72 (D.N.J. 1970) (same).

For these reasons, movant's trial counsel provided him ineffective assistance of counsel by failing to move for a judgment of acquittal on the venue element at trial, and movant's counsel on appeal provided ineffective assistance of counsel by failing to raise that issue on appeal.

## II.
**The Fifth Circuit's Opinion Did *Not* Address the Venue Issue Raised by Movant.**

Without ever addressing (or even citing) the case law cited by movant that strongly supports his argument that § 641 (first paragraph) is not a "continuing offense,"[6] the government instead repeats its prior assertion that the Fifth Circuit's decision on movant's first direct appeal implicitly rejected his current lack-of-venue claim when the court rejected the "lack-of-unanimity" argument raised by movant's direct appeal counsel. Response to Supplemental Brief, at 1-3. The government continues to err and misstates what the Fifth Circuit actually held.

The Fifth Circuit rejected the lack-of-unanimity argument as follows:

Sila asserts that his right to a unanimous jury verdict was violated by the district court's failure to give a "unanimity of theory" instruction to the jury on Count I

---

[6] *United States v. Green*, 897 F.3d 443, 448 (2d Cir. 2018); *United States v. Samson*, 433 F. Supp.3d 1046, 1052-53 (S.D. Tex. 2020) (specifically discussing the Fifth Circuit's "continuing offense" precedent and concluding § 641 (first paragraph) is not a continuing offense).

4

(the Short tax refund). The district court's instruction did not address . . . unanimity with respect to the location of the crime . . . .

. . . Sila first argues that "[m]isappropriating the check in Kenya would constitute one offense; converting the check to cash through a sale in Dallas would constitute another." He says that, because the Government proved that the Short tax refund was filed in Kenya in April 2015 (the Government did not prove who filed it) and proved that the check was sold in Dallas in August 2016, the conduct in each location must be treated as separate offenses and the jury should have been instructed accordingly. Sila says that the Government advanced both theories at trial and notes several instances when the Government mentioned Sila's conduct in Kenya. . . .

The Government does not dispute that Sila's conduct in Dallas and his conduct in Kenya could have theoretically constituted two separate violations of § 641. Rather, the Government maintains that it sought to convict Sila on Count I based only on his conduct in Dallas. Therefore, the Government argues, the district court did not err in failing to give a unanimity of theory instruction as to the location of the crime.

Sila is correct that, *if* the Government had alleged he violated § 641 in Kenya and/or in Dallas, then a unanimity of theory instruction . . . would have been required. But the United States did not allege two offenses in two locations, or even that one offense occurred across two locations. The indictment is instead based solely on the August 9, 2016 Dallas transaction – made over a year after the fraudulent tax refund in Short's name was filed in Kenya. The indictment alleged that the crime occurred on or about August 9, 2016 "in the Dallas Division of the Northern District of Texas," not in Kenya. Plus, the facts alleged in Count I correspond to the August 9, 2016 transaction, and cannot be reasonably construed to relate to any conduct performed at a much earlier date on a different continent. . . . Count I of Sila's indictment does not allege "multiple" offenses or "embrace[ ] two or more separate offenses, though each be a violation of the same statute." [citation omitted].

The record also fails to vindicate Sila's portrayal of the trial and his argument that the jury could have been confused. . . . He cites the Government's closing argument, where the prosecutor said: "When did the theft occur? Well, the indictment alleges August the 9th. That's the day he was in possession of [the Short tax refund]. He had brought it from Kenya, he had the intent to sell it and convert it to cash. That's stealing. That's conversion." Far from proving that the Government charged Sila for his conduct in Kenya, this quote bolsters the Government's argument that "the theft occurred . . . on August the 9th" – when Sila was in Dallas, not Kenya. He notes another moment from the Government's closing argument: "And where did Mr. Sila come from to come to the United States with that check? It was Kenya." Context is key. In this portion of its closing argument, the United States was not emphasizing the fact that Sila traveled to the United States from Kenya, but rather that Sila's coming from Kenya was further evidence that he

5

was associated with the Kenyan IP address used to file the Short tax refund. None of the quotes to which Sila directed us show that the Count I offense was based on conduct in Kenya as opposed to conduct in Dallas.

*United States v. Sila*, 978 F.3d 264, 268-69 (5th Cir. 2020).

The Fifth Circuit's discussion here cannot reasonably be interpreted to imply that 18 U.S.C. § 641 is a "continuing" offense for purposes of 18 U.S.C. §§ 3237(a) or 3238 (and, thus, that venue existed in the North District of Texas concerning movant's actions in Dallas in August 2016). Only "those matters that were fully briefed to the appellate court and were necessary predicates to the ability to address the issue or issues specifically discussed [by the court] are deemed to have been decided tacitly or implicitly [such that] their disposition is law of the case." *In re Felt*, 255 F.3d 220, 225 (5th Cir. 2001). The current venue issue raised by movant was not "fully briefed" on direct appeal – in the same manner that movant has raised it in this § 2255 proceeding – and thus it was not a "necessary predicate" to the Fifth Circuit's discussion of the unanimity issue.

As an initial matter, the terms "continuing offense" and "venue" – and citations to 18 U.S.C. §§ 3237(a) or 3238 – obviously do not appear anywhere in the Fifth Circuit's opinion. As discussed below, that is because movant's direct appeal counsel's brief did not frame the issue in such a manner.

Direct appeal counsel's opening brief contended that:

Under § 641, the allowable unit of prosecution "is each individual transaction in which government money is received, even if the transaction is a part of an overarching scheme." *United States v. Reagan*, 596 F.3d 251, 254 (5th Cir. 2010); *United States v. Busacca*, 936 F.2d 232, 234, 239, 254 (6th Cir. 1991) (each taking of funds from an employee benefit plan constituted a separate violation of 18 U.S.C. § 664, relying on *Reagan*). A crime under § 641 is not a continuing offense. *See, e.g.*, *United States v. Lopez*, 484 F.3d 1186, 1192 (9th Cir. 2007) ("A crime is complete when each element of the crime has occurred."); *United States v. Green*, 897 F.3d 443, 449 (2d Cir. 2018) (violation of § 641 is not a continuing offense); *accord United States v. Yashar*, 166 F.3d 873, 880 (7th Cir. 1999); *United States v.*

6

> *Ntekume*, 2019 WL 4860939 at *3 (D. Nev., October 2, 2019) (conversion under § 641 is not a continuing offense).
>
> At the same time, "the *locus delicti* [of an offense] must be determined from the nature of the crime alleged and the location of the act or acts constituting it." *United States v. Cabrales*, 524 U.S. 1, 7 (1998) (quoting *United States v. Anderson*, 328 U.S. 699, 703 (1946); *see also United States v. Rodriguez-Moreno*, 526 U.S. 275, 279 (1999) (a court must identify the conduct constituting the offense because venue is limited "to the place of the essential conduct elements of the offense.").

Jeffrey Ndungi Sila's Opening Brief, 5th Cir. No. 17-11212, 2019 WL 5867524, at *22-*23 (filed Nov. 6, 2019).

A careful reading of the arguments made by movant's direct appeal counsel demonstrates that she was clearly mistaken about the significance of the "non-continuous" nature of the § 641 (first paragraph) offense and its relevance to the venue issue. In her reply brief, she contended:

> This Court explains that the "allowable unit of prosecution" under § 641 is each individual transaction, even if the transaction is part of an overarching scheme. *United States v. Reagan*, 596 F.3d 251, 254 (5th Cir. 2010), citing *United States v. Busacca*, 936 F.2d 232, 239 (6th Cir. 1991) (each "taking" constitutes a separate violation of § 641). A violation of § 641 is a discrete, not a continuing, offense. *Id*. The focus in a § 641 case is particular wrongs with particular government property – i.e., one misappropriation, one § 641 charge. ***Misappropriating the check in Africa with criminal intent would constitute one offense; converting the check to cash through a sale in Dallas would constitute another. In Mr. Sila's case, the Government argued both acts in urging Mr. Sila's conviction***.

Jeffrey Ndungi Sila's Reply Brief, No. 17-11212, 2020 WL 1958336, at *5 (filed Apr. 7, 2020) (emphasis added). Notably, she did not argue that venue did not exist in the Northern District of Texas because the offense began and ended in Kenya (or Kansas).

Direct appeal counsel mistakenly believed that, if properly charged, two distinct § 641 violations could have been lawfully alleged against movant based on his conduct in connection with Cynthia Short's tax-refund check – one charge for his conduct in Kenya and a second charge for his conduct in Dallas. Direct appeal counsel's lack-of-unanimity claim merely contended that

7

the prosecution's arguments at trial and the district court's jury instructions concerning Count One allowed for "a mishmash . . . which suggested that Mr. Sila stole the Treasury check in Africa, then converted it in Dallas after he brought it to the United States" – creating a lack-of-unanimity problem. *Id.* at *8.

That argument was *not* a lack-of-venue insufficient-evidence claim. Rather, concerning the issue of venue, appellate counsel instead stated:

> The Government contends that the indictment alleged that the offense occurred in the Dallas Division of the Northern District of Texas and, for venue purposes, it could only have prosecuted Mr. Sila in Dallas for an act he committed there. . . .[7] For this reason, too, the Government argues that there was no risk that the jury convicted Mr. Sila based on any conduct other than his sale of the check. . . . But, we point out that at least one court of appeals has held that § 641 describes an offense over which the United States may assert extraterritorial jurisdiction. *United States v. Ayesh*, 702 F.3d 162, 165-167 (4th Cir. 2012). **Under Ayesh, Mr. Sila could be charged in Dallas for conduct in Kenya if the charge was brought within the five-year statute of limitations. 18 U.S.C. § 3282.**

Jeffrey Ndungi Sila*'s* Reply Brief, No. 17-11212, 2020 WL 1958336, at *2-*3 (filed Apr. 7, 2020) (emphasis added).

Again, that argument is not the insufficient-evidence venue argument that movant now raises. Indeed, movant strongly disagrees with his former counsel that movant "could be charged in Dallas for conduct in Kenya if the charge was brought within the five-year statute of limitations." Because the § 641 offense in his case did not "continue" after movant entered the

---

[7] The reply brief referred to this portion of the government's brief:

> Because only one act occurred in the Dallas Division of the Northern District of Texas, that act is the only basis on which the government could have charged Sila and the only basis on which the jury could have convicted Sila. (*See* Fed. R. Crim. P. 18 ("the government must prosecute an offense in a district where the offense was committed") . . . .

Appellee's Brief, *United States v. Sila*, 5th Cir. No. 17-11212, 2020 WL 882417, at *18 (filed Feb. 21, 2020).

8

Northern District of Texas, he was not properly chargeable in this district under 18 U.S.C. §§ 3237(a) or 3238. He only could have been properly charged in the Central District of California (or in the District of Kansas assuming *arguendo* that the government's evidence at trial did not prove that movant first took possession of the check in Kenya). Based on the evidence at trial, under no circumstances did venue exist in the Northern District of Texas.

Based on direct appeal counsel's misunderstanding of the significance of the legal proposition that § 641, as charged in the indictment, was not a "continuing offense" to the issue of venue, she did not present the same venue argument that movant does now. Therefore, the Fifth Circuit's 2020 decision – which was premised on appellate counsel's erroneous arguments and, thus, cannot reasonably be interpreted to have addressed the venue issue that movant now raises – does not foreclose movant's current (correctly framed) venue arguments based on the legal proposition that § 641 is not a "continuing offense." [8]

Because the relevant facts in this case are not subject to reasonable dispute and the controlling legal principles dictate relief under § 2255 for movant, this Court should render judgment for movant on his ineffective assistance of counsel claim.[9]

---

[8] Even assuming *arguendo* that the Fifth Circuit's 2020 decision is "law of the case" on the venue issue, this Court should apply a well-established exception to the law-of-the-case doctrine: the "prior decision was clearly erroneous and it would work a manifest injustice" to apply the law-of-the-case doctrine. *Lindquist v. City of Pasadena, Tex.,* 656 F. Supp.2d 662, 678 (S.D. Tex. 2009), *aff'd,* 669 F.3d 225 (5th Cir. 2012) (citation and internal quotation marks omitted). For the reasons discussed in prior pleadings, § 641 (first paragraph), as charged in the instant case, is not a "continuing offense." Any implicit holding by the Fifth Circuit that § 641 (first paragraph) is a continuing offense and that venue thus existed in the Northern District of Texas would have been clearly erroneous. Furthermore, because the government failed to prove venue at movant's trial, it would be a miscarriage of justice to allow movant's conviction stand. Movant is entitled to an acquittal.

[9] The government persists in its meritless argument that movant's case will "no longer satisfy the custody requirement" after his term of supervised release ends on November 15, 2023. Response to Supplemental Brief, at 5 n.3 (citing *Segura-Resendiz v. United* States, No. 3:21-CV-1918-X-

## CONCLUSION

This Court should grant the § 2255 motion and also enter a judgment of acquittal on Counts 1 and 2 as the appropriate remedy in this case.

*Respectfully submitted,*

| | |
|---|---|
| Christopher M. Knox | /s/ Brent E. Newton |
| The Knox Firm | Brent E. Newton |
| *Local Counsel* | *Lead Counsel* |
| Texas Bar No. 24065567 | Texas Bar No. 00788115 |
| 900 Jackson Street | 19 Treworthy Road |
| Suite Number 650 | Gaithersburg, Maryland 20878 |
| Dallas Texas 75202 | Telephone: 202-975-9105 |
| Telephone: 214-741-7474 | Email: brentevannewton@gmail.com |
| Email: knoxcriminaldefense@gmail.com | |

*Attorneys for Movant Jeffrey Ndungi Sila*

## CERTIFICATE OF SERVICE

On February 18, 2023, I served opposing counsel with a copy of the foregoing by filing it via CM/ECM, which sent a copy to all counsel of record.

/s/ Brent E. Newton
Brent E. Newton

---

BH, 2021 WL 4142393, at *1-*2 (N.D. Tex. Aug. 24, 2021), *adopted*, 2021 WL 4133500 (N.D. Tex. Sept. 10, 2021)). That argument is squarely foreclosed by *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) ("Spencer was incarcerated by reason of the parole revocation **at the time the petition was filed**, which is all the 'in custody' provision of 28 U.S.C. § 2254 requires.") (emphasis added); *see also Torzall v. United States*, 545 F.3d 517, 521 (7th Cir. 2008) ("That Torzala is no longer in custody or on supervised release, and had neither status at the time the district court denied his motion, does not preclude our review. Torzala was in custody when he filed the motion, and that is all that is required to be 'in custody' under the statute. *See Spencer v. Kemna,* 523 U.S. 1, 7 (1998)."). To the extent that the government meant to argue movant's case will become "moot" on November 15, 2023, the government also would be incorrect. His federal convictions have collateral consequences concerning his ability to stay in the United States and become a green-card holder or U.S. citizen. *Spencer,* 523 U.S. at 8 ("In recent decades, we have been willing to presume that a wrongful criminal conviction has continuing collateral consequences . . . .").