UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JEFFREY NDUNGI SILA, § | |
|     ID # 74051-112, § | |
|         Movant, § | |
| § | No. 3:22-CV-1340-B-BK |
| v. § | No. 3:16-CR-448-B(1) |
| § | |
| UNITED STATES OF AMERICA, § | |
|         Respondent. § | |

**MEMORANDUM OPINION AND ORDER**

Based on the relevant filings and applicable law, the amended motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, received on July 26, 2022 (doc. 5), is **DENIED** and this action is **DISMISSED WITH PREJUDICE**.

**I. BACKGROUND**

Jeffrey Ndungi Sila (Movant) challenges his federal conviction and sentence in Cause No. 3:16-CR-448-B(1). The respondent is the United States of America (Government).

**A.    Conviction and Sentencing**

After pleading not guilty and proceeding to a jury trial on a three-count second superseding indictment, Movant was found guilty of two counts of theft of public funds (Count One and Count Three) under 18 U.S.C. §§ 641 and 2, and one count of aggravated identity theft and aiding and abetting (Count Two). (*See* doc. 39.)[1] The predicate offense to Count Two was the offense charged in Count One. (*See id.* at 2.)[2] For purposes of sentencing, the United States Probation Office (USPO) prepared a pre-sentence investigation report (PSR). (*See* doc. 115-1.) The PSR grouped Count One

---

[1] Unless otherwise noted, all document numbers refer to the docket number assigned in the underlying criminal action, No. 3:16-CR-448-B(1).

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

and Count Three together, and to determine Movant's offense level, it computed a total intended loss amount of $4,945,917 based on refunds claimed on fraudulent tax returns filed using IP addresses associated with Movant. (*See id.* at ¶¶ 21-26, 34.) This total loss amount resulted in the addition of 18 levels to his base offense level, and his total offense level was calculated at 26 for the grouped counts. (*See id.* at ¶¶ 36-38, 46.) Based on a total offense level of 26 and a criminal history category of I, his guideline imprisonment range was 63 to 78 months for grouped Counts One and Three; Count Two required a consecutive term of 24 months' imprisonment. (*See id.* at ¶¶ 47, 78.)

On direct appeal, the Fifth Circuit vacated Movant's conviction on Count Three and remanded the case for resentencing. (*See* docs. 197-98.) The USPO subsequently issued addenda to the PSR. (*See* docs. 201-1, 209-1.) After Count Three's vacatur, a new loss amount of $3,922,329 was calculated, and Movant's total offense level, criminal history score, and guideline imprisonment range remained the same. (*See* doc. 201-1 at ¶¶ 26, 36-38, 46-47, 78.) By amended judgment dated March 24, 2021, Movant was sentenced to consecutive imprisonment terms of 63 months on Count One and 24 months on Count Two, for a total aggregate sentence of 87 months' imprisonment, to be followed by one year of supervised release. (*See* doc. 216.) On appeal of the amended judgment, the Fifth Circuit granted the Government's motion for summary affirmance and affirmed the judgment. (*See* docs. 221-22.) The Supreme Court denied Movant's petition for a writ of certiorari. (*See* doc. 229.)

**B.**     <u>Substantive Claims</u>

In his amended § 2255 motion, Movant asserts due process violations and grounds of ineffective assistance of counsel at trial and on both appeals. (*See* No. 3:22-CV-1340-B-BK, doc. 5

2

at 8-9.) The Government filed a response on September 26, 2022. (*See id.*, doc. 8.) Movant filed a reply on October 25, 2022, and a supplemental brief, through counsel, on December 30, 2022. (*See id.*, docs. 9, 16.) In February 2023, the Government filed a response to the supplemental brief and Movant filed a reply to the response. (*See id.*, docs. 20-21.) Movant was released from the custody of the Bureau of Prisons (BOP) on November 15, 2022, and he has completed his term of supervised release.[3] *See* BOP Inmate Locator, *available at* https://www.bop.gov/inmateloc/ (last visited July 26, 2024).

## II.  SCOPE OF RELIEF UNDER § 2255

After conviction and exhaustion or waiver of the right to direct appeal, the court presumes that a defendant has been fairly and finally convicted. *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (en banc)). Post-conviction "[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citation and internal quotation marks omitted); *see also United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001) ("A defendant can challenge a final conviction, but only on issues of constitutional or jurisdictional magnitude.").

## III.  CONSTRUCTIVE AMENDMENT

In his first ground, Movant contends that there were unconstitutional constructive

---

[3] Although Movant was released from BOP custody while his amended § 2255 motion was pending, the "in custody" determination under § 2255 is made at the time the habeas motion is filed. *See Pack v. Yusuff*, 218 F.3d 448, 454 n.5 (5th Cir. 2000). Further, Movant alleges collateral consequences resulting from his convictions due to his immigration status. (*See* No. 3:22-CV-1340-B-BK, doc. 9 at 7; *id.*, doc. 16 at 1, n.3.) Because the Government does not address or rebut these alleged collateral consequences, the court does not find that the § 2255 motion is moot.

3

amendments to the § 641 offense charged in Count One of the second superseding indictment based on the Government's evidence and arguments at trial and the instructions provided to the jury by the court. (*See* No. 3:22-CV-1340-B-BK, doc. 5 at 8, 13-15.)

"A constructive amendment occurs . . . when the Government is allowed to prove an essential element of the crime on an alternative basis permitted by the statute but not charged in the indictment." *United States v. Marchetti*, 96 F.4th 818, 833 (5th Cir. 2024) (quoting *United States v. Vargas*, 6 F.4th 616, 621 (5th Cir. 2021) (citation and internal quotation marks omitted)). To determine whether a constructive amendment has occurred in the context of jury instructions, the court considers "whether the jury instruction, taken as a whole, is a correct statement of the law and whether it clearly instructs jurors as to the principles of the law applicable to the factual issues confronting them." *United States v. Scher*, 601 F.3d 408, 411 (5th Cir. 2010) (quoting *United States v. Guidry*, 406 F.3d 314, 321 (5th Cir. 2005) (quotation omitted)). A difference between a jury instruction and an indictment will result in reversal "only if that difference allows the defendant to be convicted of a separate crime from the one for which he was indicted." *Id.* (internal quotation marks and citation omitted). "Otherwise, a defendant must 'show how the variance in the language between the jury charge and the indictment so severely prejudiced his defense that it requires reversal under harmless error review.'" *Id.* (citation omitted).

Section § 641 provides:

Whoever embezzles, steals, purloins, or knowingly converts to his use or the use of another, or without authority, sells, conveys or disposes of any record, voucher, money, or thing of value of the United States or of any department or agency thereof . . .; or

> Whoever receives, conceals, or retains the same with intent to convert it to his use or gain, knowing it to have been embezzled, stolen, purloined, or converted –
>
> Shall be fined under this title or imprisoned not more than ten years, or both . . . [.]"

18 U.S.C. § 641. "In short, paragraph one covers stealing from the United States and paragraph two covers knowingly receiving stolen United States property." *United States v. Fairley*, 880 F.3d 198, 204 (5th Cir. 2018). The record shows that Movant was charged under the first paragraph of § 641 in Count One. (*See* doc. 39 at 1 ("[Movant] . . . did willfully and knowingly steal, purloin, and convert to his use, money and property of the United States of a value exceeding $1,000, to wit, a United States Treasury check payable to C.S. in the amount of $76,592.86.").)

Movant first contends that the second superseding indictment was constructively amended because it did not include the "selling" language from the second clause of the first paragraph of § 641, and the Government showed at trial that Movant's only unlawful conduct was the sale of the subject treasury check of Count One. (*See* No. 3:22-CV-1340-B-BK, doc. 5 at 8; *id.*, doc. 9 at 2.) As discussed, Count One charged Movant with, *inter alia*, stealing and converting the treasury check at issue. (*See* doc. 39 at 1.) The jury instructions relating to this element of the offense instructed the jury that, to find Movant guilty, it had to be convinced beyond a reasonable doubt that he stole or converted the treasury check. (*See* doc. 98 at 10; doc. 450 at 70.) Movant's offense conduct in the underlying criminal case – selling the treasury check for cash – is encompassed by the "stealing" and "conversion" language in the second superseding indictment and jury instructions.[4] Movant fails to

---

[4] While Movant attempts to argue that a "sale" could not be a "conversion" for purposes of § 641, he fails to show that the two are mutually exclusive, and his interpretations are inconsistent with the legal and plain language definitions of stealing and conversion, including those approved by the Fifth Circuit in the pattern jury instructions used in the criminal proceedings.

show a constructive amendment on this basis, and his claim fails.

Movant also alleges a constructive amendment based on the addition in the jury instructions of the phrase "or to the use of another" – which was not included in Count One as charged in the second superseding indictment – for the second essential element of Count One: "Second: That the defendant stole or knowingly converted such money, property, or thing of value to the defendant's own use *or to the use of another*." (doc. 98 at 10 (emphasis added); *see also* doc. 450 at 70; No. 3:22-CV-1340-B-BK, doc. 5 at 8.) He contends that the instruction "amended the indictment by permitting a conviction for theft not only 'to his own use' but also 'to the use of another.'" (No. 3:22-CV-1340-B-BK, doc. 5 at 8.) The record shows that Count One as charged in the second superseding indictment was read verbatim to the jury, which informed the jury that Movant was charged with committing the criminal conduct "to his use." (*See* doc. 148 at 123.) Further, Movant fails to direct the court to evidence showing that the Government attempted to expand the second superseding indictment by presenting a theory that Movant converted the treasury check to cash only for the use of another. On this record, Movant's allegations fail to show that his substantial rights were affected by any alleged constructive amendment. *See Greer v. United States*, 593 U.S. 503, 507-08 (2021) (quoting *Rosales-Mireles v. United States*, 585 U.S. 129, 134-35 (2018)).

Movant's first ground for relief is denied.

### IV. INEFFECTIVE ASSISTANCE OF COUNSEL

Movant asserts several bases of ineffective assistance of counsel at trial and on his first and second direct appeals. (*See* No. 3:22-CV-1340-B-BT, doc. 5 at 8-9.)

The Sixth Amendment to the United States Constitution guarantees a criminal defendant

6

the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, the movant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687. A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *Id.* at 697. The court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *see also Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (stating that prejudice inquiry focuses on "whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair."). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would reasonably likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

On appeal, counsel need not raise every non-frivolous issue to render constitutionally effective assistance. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). "Instead, to be

7

deficient, the decision not to raise an issue must fall 'below an objective standard of reasonableness,'" and the court must consider whether the challenge "would have been sufficiently meritorious such that [] counsel should have raised it on appeal." *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000) (quoting *Strickland*, 466 U.S. at 688); *see also Williamson*, 183 F.3d at 463 ("Solid, meritorious arguments based on directly controlling precedent should be discovered and brought to the court's attention."). To demonstrate prejudice, a movant must show a reasonable probability that but for counsel's deficient representation, he would have prevailed on his appeal. *Briseno v. Cockrell*, 274 F.3d 204, 207 (5th Cir. 2001).

**A. Constructive Amendment**

In his second and third grounds, Movant contends that trial counsel and appellate counsel on both appeals were ineffective for failing to challenge the alleged constructive amendment of the second superseding indictment, as raised in his first ground. (*See* No. 3:22-CV-1340-B-BK, doc. 5 at 8, 13-15; *id.*, doc. 9 at 5.)

Here, Movant fails to show resulting prejudice, i.e., a reasonable probability that the result of his trial would have been different, that he would have prevailed on his first direct appeal as to the surviving counts of conviction, or that he would have prevailed on his second direct appeal had his trial counsel and first appellate counsel raised claims that the indictment was constructively amended, or had his second appellate counsel filed a response to the Government's motion for summary affirmance and obtained plain error review of his constructive amendment claim. As the court has explained, Movant has not established a constructive amendment as to his allegations that his offense conduct of selling the treasury check for cash was not a theft or conversion under § 641

8

as charged in the second superseding indictment and to the jury; nor were his substantial rights affected by the inclusion of the phrase "to the use of another" in the jury instructions. Accordingly, he has not satisfied his burden under the second prong of *Strickland*, and because his allegations fail to demonstrate *Strickland* prejudice, the performance prong need not be addressed. *See Amos v. Scott*, 61 F.3d 333, 348 (5th Cir. 1995). Movant's grounds for relief based on the alleged ineffective assistance of trial and appellate counsel on both appeals relating to constructive amendment of the second superseding indictment are denied.

**B. Venue**

In his fourth and fifth grounds for relief, Movant contends that his trial counsel and appellate counsel on his first and second appeals rendered ineffective assistance because they failed to properly challenge venue on Count One, and by relation Count Two, which was contingent on the conviction for Count One. (*See* No. 3:22-CV-1340-B-BK, doc. 5 at 8-9, 17-21.) According to Movant, the portion of § 641 under which he was charged could only have been violated a single time as to the subject treasury check – when it was initially obtained in Kenya, outside this judicial district. (*See* No. 3:22-CV-1340-B-BK, doc. 5 at 19; *id.*, doc. 9 at 1-2; *id.*, doc. 16 at 8-9.)

Here, even if the court assumes, without deciding, that Movant's trial counsel and first appellate counsel were deficient for not challenging venue, and his second appellate counsel was deficient for not further pressing Movant's raised venue challenge in a response to the Government's motion for summary affirmance, Movant again has not shown resulting prejudice under *Strickland*. In Movant's first appeal, the Fifth Circuit acknowledged the absence of a dispute that Movant's "conduct in Dallas and his conduct in Kenya could have theoretically constituted two *separate*

9

violations of § 641." *United States v. Sila*, 978 F.3d 264, 269 (5th Cir. 2020) (emphasis added). In other words, that the criminal conduct which occurred earlier in time in Kenya may have, in theory, constituted a violation of § 641 did not foreclose an independent violation of § 641 based on Movant's separate transaction of converting the check to cash by selling it within this judicial district. *See generally id.* at 268-69. The Fifth Circuit further recognized that the Government "did not allege two offenses in two locations, or even that one offense occurred across two locations," i.e., a continuous offense. *Id.* at 269. Rather, the sole criminal conduct with which Movant was properly charged and convicted was the transaction of selling the treasury check in this judicial district. *See id.* at 268-70.

On this record, including the factual and legal findings of the Fifth Circuit on appeal, Movant fails to show a reasonable probability that, but for the alleged deficiencies of his trial and both appellate counsel in challenging venue, the result of his trial would have been different, or he would have prevailed on his first or second appeals as to Count One and Count Two. *See Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (holding that prejudice under *Strickland* requires a "'substantial,' not just 'conceivable,' likelihood of a different result.") (citing *Harrington v. Richter*, 562 U.S. 86, 112 (2011)); *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) ("the mere possibility of a different outcome is not sufficient to prevail on the prejudice prong."). Because Movant has not satisfied his burden under the second prong of *Strickland*, he is not entitled to § 2255 relief. His claims of ineffective assistance of trial and appellate counsel based on his challenges to venue are therefore denied.

C. <u>Willfulness Instruction</u>

10

In his sixth ground, Movant contends that appellate counsel rendered ineffective assistance on his first and second appeals because counsel failed to challenge the absence of a jury instruction on willfulness for Count One. (*See* No. 3:22-CV-1340-B-BK, doc. 5 at 9.) He argues that "[t]hough 18 U.S.C. 641 makes no explicit mention of willfulness, case law requires it." (*Id.*) He argues that "had counsel challenged lack of this instruction as charged there is a reasonable probability the 5th Circuit would have reversed and remanded for new trial with a proper instruction." (*Id.*)

Movant's claim is without merit. The Fifth Circuit has held that "[a]lthough § 641 only requires a 'knowingly' standard, defined by the Supreme Court as 'knowledge of the facts that constitute the offense,' § 641 imposes knowledge of non-entitlement or knowledge of wrongfulness, which makes the *mens rea* closer to 'willfully.'" *United States v. Jones*, 664 F.3d 966, 976 (5th Cir. 2011) (internal citation omitted). Contrary to Movant's flawed logic, "closer to 'willfully'" does not equate to a requisite *mens rea* of willfulness for purposes of § 641, especially given the Fifth Circuit's express recognition in the immediately preceding clause that "§ 641 only requires a 'knowingly' standard." *Id.*

Here, the record shows that the jury instructions at trial included the requisite standard of "knowledge of non-entitlement or knowledge of wrongfulness." *Id.*; (*see also* doc. 98 at 10; doc. 450 at 71.) Because appellate counsel on each appeal is not deficient for failing to raise a meritless argument, and because Movant has not shown "[s]olid, meritorious arguments based on directly controlling precedent" that either appellate counsel should have raised on appeal, he fails to satisfy the first prong of *Strickland*. *Williamson*, 183 F.3d at 463. He also fails to show resulting prejudice, i.e., that he would have prevailed on his first or second appeal had either appellate counsel

11

challenged the lack of a jury instruction on willfulness on Count One. *See Auvenshine v. Davis*, No. 4:17-CV-294-Y, 2018 WL 2064704, at *4 (N.D. Tex. May 3, 2018) ("Prejudice does not result from appellate counsel's failure to assert meritless claims or arguments."). Because Movant has failed to satisfy his burden under both prongs of *Strickland*, his claim is denied.

**D.  Loss Amount**

In his seventh ground, Movant contends that appellate counsel on his second appeal was ineffective for failing to challenge the loss amount used to calculate Movant's guideline imprisonment range under the sentencing guidelines. (*See* No. 3:22-CV-1340-B-BK, doc. 5 at 9.) Movant complains about the fraudulent tax returns that the PSR concluded were reasonably foreseeable to him, arguing that "the Court failed to make the requisite finding that those acts were 'within the scope' of [Movant's] agreement and in furtherance to what [Movant] agreed to as per the Sentencing Guidelines." (*Id.*) He claims that there is no evidence in the record that he "was even aware of, let alone agreed to any filing of tax returns whatsoever," and that he "agreed only to deliver one check on a single occasion." (*Id.*) He posits that "[h]ad counsel raised this claim, there is a reasonable probability the court would have found the District Court used the wrong legal standard and remanded for resentencing." (*Id.*)

A PSR "generally bears sufficient indicia of reliability to be considered as evidence by the sentencing judge in making factual determinations." *United States v. Nava*, 624 F.3d 226, 231 (5th Cir. 2010) (quoting *United States v. Trujillo*, 502 F.3d 353, 357 (5th Cir. 2007)). While "a district court must resolve disputed issues of fact if it intends to use those facts as a basis for sentencing, the court can adopt facts contained in a PSR without inquiry, if those facts ha[ve] an adequate

12

evidentiary basis and the defendant does not present rebuttal evidence." *United States v. Huerta*, 182 F.3d 361, 364 (5th Cir. 1999) (quoting *United States v. Puig-Infante*, 19 F.3d 929, 943 (5th Cir. 1994)). Further, "[a] defendant's rebuttal evidence must demonstrate that the information contained in the PSR is 'materially untrue, inaccurate or unreliable,' and '[m]ere objections do not suffice as competent rebuttal evidence.'" *Id.* (quoting *United States v. Parker*, 133 F.3d 322, 329 (5th Cir. 1998)).

Here, the information set out in the PSR and addenda was obtained, corroborated, and verified through at least one interview with an IRS agent, as well as a review of the investigative materials and charging documents. (*See* doc. 115-1 at ¶ 12.) The record shows that Movant met with an undercover agent to discuss the sale of the treasury check involved in Count One; Movant told the agent that the person to whom the check was made out to had been dead for a long time and a lot of others were involved with the check, he would pay others from the proceeds of the check's sale, he could provide the agent with the identifying information needed to cash the check, and there would be other checks available at a later time. (*Id.* at ¶¶ 16-17, 19; doc. 124-1 at 1-2; doc. 201-1 at 1-2.) The check was generated from a fraudulent tax return filed from an IP address in Kenya ending in 154. (*See* doc. 115-1 at ¶ 18; doc. 124-1 at 2; doc. 201-1 at 2.) Movant also had photos on his phone relating to another fraudulent tax return generated from the same 154 IP address. (*See* doc. 115-1 at ¶ 21; doc. 124-1 at 2; 201-1 at 2.) According to IRS records, 213 fraudulent tax returns were filed from the same IP address, and the refunds for some of the fraudulent returns were ultimately deposited into a PayPal account that was under Movant's name and email address and verified with his passport. (*See* doc. 115-1 at ¶ 21; doc. 220 at 19.) After hearing arguments and

13

testimony regarding the loss amount at Movant's resentencing hearing, the court rejected Movant's challenge. (*Id.* at 35-36.)

The PSR's loss amount calculation has an adequate evidentiary basis supported by the record, and Movant does not present any rebuttal evidence, aside from general denials and unsubstantiated allegations unsupported by the record, to show that the reasonably foreseeable loss amount attributed to him was "materially untrue, inaccurate or unreliable." *Huerta*, 182 F.3d at 364 (quoting *Parker*, 133 F.3d at 329). His unsupported allegations also fail to identify or show any "[s]olid, meritorious arguments based on directly controlling precedent" that appellate counsel should have raised, or show a reasonable probability that Movant would have prevailed on his second appeal but for appellate counsel's alleged deficiency. *Williamson*, 183 F.3d at 463. As such, Movant fails to satisfy his burden under the first and second *Strickland* prongs. He is therefore not entitled to § 2255 relief on this claim, and the claim is denied.

## V.  OTHER CLAIMS

Each of Movant's claims of ineffective assistance of counsel also states that Movant's due process rights were violated. (*See* No. 3:22-CV-1340-B-BK, doc. 5 at 8-9.) To the extent his due process claims can be liberally construed to raise grounds for relief independent of his ineffective assistance of counsel claims, i.e., court error, and even if the court assumes that the claims are not procedurally defaulted, each fails. For the reasons already explained by the court, Movant's claims are without merit and fail to show a reasonable probability that the result of the underlying criminal proceedings would have been different absent the alleged errors. Accordingly, to the extent raised, the claims do not warrant § 2255 relief, and they are denied.

14

## VI. EVIDENTIARY HEARING

Movant seeks an evidentiary hearing before this court on his claims. (*See* No. 3:22-CV-1340-B-BK, doc. 5 at 21; *id.*, doc. 9 at 8.) No evidentiary hearing is required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). A movant "is entitled to an evidentiary hearing on his § 2255 motion only if he presents 'independent indicia of the likely merit of [his] allegations.'" *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013) (citation omitted). Because Movant has failed to come forward with independent indicia in support of the likely merit of his claims, he has failed to demonstrate he is entitled to an evidentiary hearing.

## VII. CONCLUSION

For the foregoing reasons, Movant's amended motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, received on July 26, 2022 (doc. 5), is **DENIED** and this action is **DISMISSED WITH PREJUDICE**.

SO ORDERED this 31st day of July, 2024.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

15